[No. 21173. *En Banc.* May 1, 1929.]

MARY E. PEART, *Appellant*, v. BELLA PERRY, *Respondent.*[1]

*Stratton & Kane* and *Van Dyke & Thomas,* for appellant.

*Roberts, Skeel & Holman* and *W. J. Truscott,* for respondent.

MITCHELL, C. J.—This is a personal injury case growing out of a collision of automobiles at a street intersection in the city of Seattle. The plaintiff has appealed from a judgment upon a verdict in favor of the defendant.

The appellant and three others, all of whom witnessed the collision, testified on behalf of the appellant. The defendant and one other, both of whom witnessed the collision, testified on behalf of the respondent. The testimony on each side was in positive conflict in essential respects with that of the other side, while all on each side was entirely sufficient to have sus-

[1]Reported in 277 Pac. 81.

tained a verdict in favor of the side upon which it was given. During the trial of the case the jury was instructed as follows:

"You are not to be governed by the number of witnesses, but by the weight and preponderance of the evidence. The preponderance of the evidence does not depend upon the number of witnesses, and does not mean the greater number of witnesses. The term 'preponderance of the evidence,' as used in these instructions, means the best evidence, that which appeals to your intelligence as jurors, and as men and women versed in the ordinary affairs of life, as being the most probable happening, being the most probable event."

Appellant's principal assignment of error is based upon the giving of that instruction. The argument against it is that it invades the province of the jury and that an instruction similar in effect was condemned by this court in *Gilmore v. Seattle & Renton R. Co.*, 29 Wash. 150, 69 Pac. 743. In the *Gilmore* case, the instruction complained of, after telling the jury that they were the sole judges of the facts and of the credibility of witnesses and of the weight to be given to their testimony, immediately, and in the same paragraph, said:

" 'You will take into consideration, in passing upon the weight of the testimony, not so much the number of witnesses that testified to any one given fact, but the quality of the testimony. And in weighing the quality of the testimony you will take into consideration the interest of the witnesses, their appearance on the witness stand, the interest or lack of interest that they, or any of them, may have in the subject matter of this action and in your verdict; and you may take into consideration all circumstances which appeal to you, as men knowing human nature, which would affect the credibility of the testimony of those witnesses.' "

In holding that the instruction was prejudicial and constituted reversible error, the court said:

"Doubtless the trial court may properly instruct the jury that, in determining the preponderance of the evidence upon any issue of fact made by the pleadings, they need not be controlled by the mere circumstance that a greater number of witnesses have testified upon one side than upon the other, but that they may take into consideration, along with that circumstance, all of the facts and circumstances of the case shown by the evidence, and make up their verdict from the whole thereof as the truth shall appear to them, whether that be with the greater or the less number of the witnesses testifying. But it seems to us that the instruction before us does something more than this. It tells the jury that they will not regard the number of witnesses testifying to any given fact, so much as the quality of the testimony. If by the use of the term 'quality' the court meant the better evidence, then the court has invaded the province of the jury, for it is for the jury to say whether they will regard the testimony of the greater number of witnesses testifying as more or less controlling than the better testimony of the fewer number. The court cannot, without invading the province of the jury, instruct them which class of evidence is entitled to the greater weight, or instruct them in any manner which will not leave them free to make up their verdict from their own views of the weight of the evidence. Nor is such an instruction rendered harmless by an instruction to the effect that the jury are the sole judges of the credibility of the witnesses and of the weight of the evidence, as it gives them a wrong rule of law for determining that weight and credibility."

Just so with the instruction in the present case. The jury was told "not to be governed by the number of witnesses, but by the weight and preponderance of the evidence." Then, in defining the term "preponderance of the evidence," the jury was not advised that the number of credible and disinterested witnesses testifying on the one side or the other of a disputed point is a proper element for the jury to consider in

determining where the preponderance of the evidence lies, but on the contrary the jury was told:

"The preponderance of the evidence does not depend upon the number of witnesses. The term 'preponderance of the evidence,' as used in these instructions, means the best evidence, etc."

True, in the *Gilmore* case, the words that caused the condemnation of the instruction were "the quality of the evidence" as compared with the number of witnesses. The offending words were found to be so because it was, in effect, held that, in using them, the court meant the *better evidence*. In the present case, however, the court did not use words that were equivalent to the words "best evidence," but used those precise words. Here, the court said that the preponderance of the evidence, as used in these instructions, "means the best evidence."

Counsel for the respondent attempt to defend the instruction complained of, saying that it more nearly falls within the rule announced in *Yamamoto v. Puget Sound Lumber Co.*, 84 Wash. 411, 146 Pac. 861, construing an instruction upon this subject. But in the *Yamamoto* case, the court tersely points out the difference between the instruction in that case and the one in the *Gilmore* case, and the reasons there given why the case was different from the *Gilmore* case are equally applicable in comparing the *Yamamoto* case with the present one. The instruction in the present case, in our opinion, falls within the ruling in the *Gilmore* case, and the giving of it constitutes reversible error.

Appellant assigns error upon the giving of three other instructions, or rather upon clauses or portions of three other instructions. We have examined them, and are of the opinion that the assignments are not meritorious. We believe it to be unnecessary

to set out those instructions or the portions of them complained of. The language or clauses complained of, standing alone, may be subject somewhat to the criticism made by counsel, but when taken in consideration with the rest of the instructions, as the court told the jury should be done, they were entirely clear, proper and sufficient, and in our opinion created or caused no confusion in the minds of the jury.

Because of error in giving the instruction first discussed herein, the judgment is reversed and the cause remanded with instructions to grant a new trial.

FULLERTON, PARKER, BEALS, MAIN, FRENCH, and MILLARD, JJ., concur.

TOLMAN, J. (dissenting)—The instruction quoted is technically wrong in part, but when read as a whole I cannot conceive of its having a misleading effect upon the jury. I therefore dissent.

HOLCOMB, J., concurs with TOLMAN, J.